UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SARAH L. SITES,                          :

      Plaintiff,                    :         CIVIL ACTION NO. 22-695

v.                                       :         (JUDGE MANNION)

CHARLES H GARTON III,                    :
RUAN TRANSPORTATION
CORPORATION,                             :

      Defendants.                   :

## MEMORANDUM

Presently before the court is the defendants' Federal Rules of Civil Procedure 12(b)(6) motion to dismiss and Federal Rules of Civil Procedure 12(e) motion for a more definite statement, (Doc. 4). The defendant filed a brief in support, (Doc. 5). The plaintiff filed a brief in opposition, (Doc. 7), and additional case law with the brief in opposition, (Doc. 8). As such, the matter is now ripe for disposition.

### I. Background[1]

On or about July 8, 2020, plaintiff, Sarah Sites ("Sites"), was an occupant of a 1999 Jeep motor vehicle, which was traveling South on

---

[1] The facts contained herein are drawn from the parties' briefs in support and opposition to the motion to dismiss. (Docs. 5 & 7).

Interstate 81 in Union Township, Lebanon County, Pennsylvania. Sites was traveling in the right lane at a slow speed with the vehicle hazard lights turned on. The defendant, Charles Garton III ("Garton"), was operating a tractor trailer owned by his employer, Ruan Transport Corporation ("Ruan"). Garton was driving in the left lane on I-81 when Sites' vehicle approached. The conditions of the road were allegedly less than ideal. When Garton attempted to change lanes from the left lane to the right lane, his tractor trailer began to jackknife and struck Sites' vehicle. Sites claims that she sustained various physical and mental injuries.

Sites commenced this lawsuit by filing a complaint in the Court of Common Pleas in Lackawanna County, Pennsylvania on April 18, 2022. (Doc. 5, p. 6). On May 11, 2022, Garton and Ruan removed the lawsuit to this court on the basis of diversity jurisdiction. (Doc. 5, p. 6).

In the complaint, Sites asserts a negligence claim against Garton (Count I), a punitive damages claim against Garton (Count II), and a negligence claim against Ruan with punitive damages (Count III).[2] Sites alleges, *inter alia*, that Garton knew of ultrahazardous conditions but failed

---

[2] While plaintiff does not separately identify a count for punitive damages against Ruan, they claim "reckless" and "wanton" conduct signaling a desire for punitive damages. Defendants acknowledge the same conclusion. (Doc. 5, p.19). As such, the court will address punitive damages against Ruan.

to slow his vehicle, failed to make a proper lookout, was driving too close to Sites, was operating his vehicle in a reckless manner while traveling too fast, and that Garton allowed his tractor trailer to jackknife. Sites further alleges that Garton was operating the tractor trailer in excess of the allowable hours of service and the tractor trailer was not properly inspected. Sites alleges, *inter alia*, that Ruan was aware Garton was over his allowable hours of service and failed to maintain and inspect the vehicle. On May 18, 2022, defendants filed their Rule 12 (b)(6) motion to dismiss and Rule 12(e) motion for a more definite statement.

## II. Standard of Review

The defendants' motions to dismiss are brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the complaint fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts alleged must

be sufficient to "raise a right to relief above the speculative level." Id. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the non-moving party's cause of action. Id. Furthermore, to satisfy federal pleading requirements, the non-moving party must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (cleaned up) (quoting Twombly, 550 U.S. at 555).

The court should generally grant leave to amend a pleading before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F. 3d 229, 236 (3d Cir. 2004).

The defendants' motion for a more definite statement is brought pursuant to Fed. R. Civ. P. Rule 12(e). Rule 12(e) allows the court to determine when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, without prejudice to itself." Pozarlink v. Comelback Associates, Inc., 2012 WL 760582, (M.D. Pa. March 8, 2012).

### III. Discussion

Defendants seek dismissal of punitive damages against Garton (Count II) and the punitive damages claim against Ruan (Count III). Defendants also seek a motion for a more definite statement.

As a federal court sitting in diversity jurisdiction, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomplins, 304 U.S 64, 78, (1938)).

The Pennsylvania Supreme Court has observed that punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984). Punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct. Id. In Pennsylvania, a punitive damages claim must be supported by evidence to establish that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005).

### a. Punitive Damages Claim Against Garton (Count II)

The plaintiff bears the burden of proof for their punitive damages claim in Count II. At this stage in litigation, the plaintiff has alleged sufficient well-pleaded, plausible facts, to permit this case to proceed forward.

Accepting the well-pleaded facts as true, it is alleged, *inter alia*, that Garton knew of ultrahazardous conditions, but failed to slow his vehicle, failed to make a proper lookout, was driving too close to Sites, was operating his vehicle in a reckless manner while traveling too fast, allowed his tractor trailer to jackknife, was operating the tractor trailer in excess of the allowable hours of service, and the tractor trailer was not properly inspected. (Doc. 1-2, p. 2-9). Sites has plausibly shown Garton's conduct could constitute an extreme departure from the ordinary care of a tractor trailer operator.

Additionally, punitive damages claims are typically not resolved at the motion to dismiss stage because they are predicated on the defendant's state of mind, an issue ordinarily appropriate for a jury to determine. See Amidon v. Goodyear Tire & Rubber Co., No. 18-2138, 2021 WL 7907079 (M.D. Pa. Aug. 26, 2021); Alexander v. Western Express, No. 19-1456, 2019 WL 633990 (M.D. Pa. Oct. 18, 2019) (holding the question of punitive damages centers on the defendant's state of mind). Courts also regularly deny motions to dismiss punitive damages claims in motor vehicle accidents

at the outset of litigation. See Alexander v. Western Express, No. 19-1456, 2019 WL 6339907 (M.D. Pa. Oct. 18, 2019); Kerlin v. Howard, No. 18-481, 2018 WL 4051702 (M.D. Pa. Aug 24, 2018) (denying motions to dismiss punitive damages in motor vehicle accidents at the outset of litigation).

### b. Punitive Damages Claim Against Ruan (Claim III)

Although not directly stated in the complaint, plaintiff states in ¶25 that ¶1-24 are incorporated into the Count III negligence claim against Ruan Transportation. Plaintiff explicitly addresses punitive damages within ¶1-24 and the court will address the issue as such. (Doc. 1-2, p. 2-9). At this stage in litigation, plaintiff has alleged sufficient well-pleaded, plausible facts, to permit this case to proceed forward with the punitive damages claim against Ruan in Count III.

Accepting the well-pleaded facts as true, it is alleged, *inter alia*, that Ruan allowed Garton to operate the vehicle when it knew or should have known: He was operating the vehicle in excess of the applicable hours of service; failing to maintain, inspect, and repair the vehicle in accordance with the Federal Motor Carrier Safety Regulations and rules; and aiding, abetting, and/or requiring Garton to violate the Federal Motor Carrier Safety Regulations and rules. (Doc. 1-2, p. 9-13). Sites has plausibly shown Ruan's

conduct could constitute an extreme departure from the ordinary care of a motor carrier. As the court previously explained, punitive damages claims are typically not resolved at the motion to dismiss stage.

### IV. Motion for a More Definite Statement

The defendants moved for a more definite pleading, stating that several paragraphs of the plaintiff's complaint contains allegations that are so vague and ambiguous that they cannot reasonably prepare a response. The defendants specifically cite to paragraphs: 17(h), 17(i), 17(m), 17(q), 17(s), 17(u), 27(r), and 27(u). (Doc. 4, p. 5).

The court finds that in reading all of the stated paragraphs together with the allegations set forth in the complaint, they are sufficiently definite to preclude this court from requiring a more definite statement. Read as a whole, the complaint is a claim for negligence based on the accident that occurred in Union Township, Lebanon County, Pennsylvania. Even after the changes instituted by Ashcroft v. Iqbal, 556 U.S. 662 (2009), the pleading must be so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed to require a more definite statement. Pozarlik, 2012 WL 760582 (M.D. Pa. March 8, 2012). All the statements in the complaint are sufficiently clear and intelligible. The

defendants will not be prejudiced by responding to these allegations. Granting the motion would not "circumscribe the scope of discovery or define the issues" any more clearly. Hick v. Arthur, 843 F.Supp. 949, 959 (E.D. Pa. 1994).

    An appropriate order will follow.

                                              *s/ Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**DATE: July 6, 2023**
22-695-01